UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB WINDING, et al., | No. 2:24-cv-01564-DAD-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER SETTING ASIDE DEFAULT |
| IFFTIKHAR WAHLA, et al., | (ECF Nos. 16, 17, 18, 19) |
| Defendants. | |

Presently before the court is defendants Mariah Bridges[1] and Airhoster LLC's motion to set aside the Clerk's entry of default. (ECF Nos. 16, 17, 18, 19.) Plaintiffs Jacob Winding and Belinda Smith did not file an opposition. On October 31, 2024, the Court issued an order vacating the hearing set for November 13, 2024, and ordering plaintiffs to file an opposition. (ECF No. 23.) Plaintiffs did not do so.

I. **BACKGROUND**

Plaintiff filed the initial complaint in this matter on June 3, 2024 (ECF No. 1), and then filed the first amended complaint ("FAC") on June 7, 2024 (ECF No. 4) against defendants Ifftikhar Wahla, Trustee of the Ifftikhar Wahla & Llea Wahla Trust ("Whala"); Airhoster LLC ("Airhoster"); and Mariah Bridges ("Bridges"). Plaintiffs allege that defendants engaged in

---

[1] Mariah Bridges was erroneously sued as Maria Bridges. (ECF No. 18 at 1.)

1

discriminatory and deceptive practices when they leased a property to plaintiffs in 2023.  (*See* ECF No. 4.)

Each defendant was served on June 27, 2024.  (ECF No. 8, 9, 10.)  On July 3, 2024, defendant Wahla filed an answer.  (ECF No. 6.)  On July 19, 2024, plaintiffs requested the Clerk of Court to enter default in its favor against defendants Bridges and Airhoster, which the Clerk entered on July 22, 2024.  (ECF Nos. 11, 12, 13.)  The Court ordered the parties to meet as required by Federal Rule of Civil Procedure 26 and file a joint status report.  (ECF No. 14.)  On September 27, 2024, plaintiffs filed a motion for a 120-day extension of time to file the joint status report.  (ECF No. 15.)

On October 1, 2024, defendants Airhoster and Bridges filed the instant motion to set aside default.  (ECF Nos. 16, 17, 18, 19, 20.)  Defendant Bridges alleges that she and Airhoster were served via personal service on her and in her capacity as agent for service of process for Airhoster.  (ECF Nos. 17 at 4, 19 at 2.)  She was served while in the Superior Court of San Joaquin County for another matter involving plaintiffs and believed that Wahla could file a response on her and Airhoster's behalf.  (ECF No. 17 at 4.)  After communicating with Wahla's counsel, Yasha Rahimzadeh, on September 9, 2024, defendant Bridges became aware that Wahla could not file a response on behalf of her and Airhoster, so she retained Rahimzadeh individually, and in her capacity as the Managing Member of Airhoster, to represent their interests.  (*Id.*; ECF No. 19 at 2.)

**II.   DISCUSSION**

Under Federal Rule of Civil Procedure 55(c), the court may set aside entry of default by the Clerk of the Court for "good cause" shown.  "Good cause" in this context is determined by three factors: whether the defendant's culpable conduct led to the default; whether the defendant does not have a meritorious defense; and whether setting aside the default would prejudice the plaintiff.  *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

A finding that any one of these factors is true is a sufficient reason for a court to refuse to set aside a default.  *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  However, a court may, within its discretion, grant relief from default

2

even after finding one of the "good cause" factors to be true. *See, e.g., Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1112 (9th Cir. 2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, *but need not*." (emphasis added)). "The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) (citation omitted). The factors are more liberally applied with respect to a request to set aside the entry of default, because "there is no interest in the finality of the judgment with which to contend." *Mesle*, 615 F.3d at 1091 n.1.

Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the entry of default is necessarily informed by the well-established policies favoring resolution of cases on their merits and generally disfavoring default judgments. *See Mesle*, 615 F.3d at 1091 ("Crucially, . . . judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.") (citations and quotation marks omitted); *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible."). With the above principles in mind, the court turns to the "good cause" factors enumerated above.

<u>Culpable Conduct</u>

Defendants Bridges and Airhoster assert that while they did not timely file a response, their "conduct was excusable because it was based upon the mistaken belief that Wahla could file a response, on Bridges and Airhoster's behalf." (ECF No. 17 at 6.) Bridges and Airhoster did not discover their mistake until Bridges communicated with Rahimzadeh. (*Id.*) Bridges and Airhoster assert that they "had no intent to gain an advantage over the Plaintiffs or to delay the legal proceedings." (*Id.*)

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group*, 244 F.3d at 697 (emphasis omitted). In the default judgment context, "culpable" involves "not simply nonappearance following receipt of notice of the action, but rather conduct which hinder[s] judicial

3

proceedings[.]" *Id.* at 698 (internal quotation marks omitted).  Central to this inquiry is whether a party failed to respond in order to "obtain strategic advantage," which would further evidence bad faith.  *Id.*  Similarly, a defendant's neglectful failure to answer, without more, is typically not culpable unless there is "no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.*

Here, while Bridges and Airhoster were aware of the proceeding, the court finds that their actions do not suggest an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092 (citation omitted).  It appears that Bridges mistakenly thought Wahla's attorney Rahimzadeh would handle her and Airhoster's response to plaintiffs' FAC, and when she discovered this was not the case, she hired Rahimzadeh to represent her and Airhoster.  (ECF No. 17 at 6.)  While this motion was filed over two months after the Clerk entered default, Bridges and Airhoster's actions do not indicate that they were intentionally attempting to gain a strategic advantage or otherwise proceed in bad faith.  Therefore, the court finds that defendants Bridges and Airhoster's conduct was not culpable as defined above.

<u>Meritorious Defense</u>

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense.  But the burden on a party seeking to vacate a default judgment *is not extraordinarily heavy*." *TCI Group*, 244 F.3d at 700 (emphasis added) (citations omitted).  To satisfy the "meritorious defense" requirement a party must allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default.  *Id.*  Rather, that question "would be the subject of the later litigation." *Id.*

Defendants Bridges and Airhoster deny the allegations in the FAC and say they will raise affirmative defenses to plaintiffs' claims.  (ECF No. 17 at 6.)  Bridges and Airhoster say that they believe the primary motivation for plaintiffs' FAC is retaliation for Wahla's initiation of an unlawful detainer action in the San Joaquin County Superior Court, which led to plaintiffs' voluntary abandonment of the real property that was leased to plaintiffs by Wahla.  (*Id.*)  Bridges

4

also believes that plaintiffs are vexatious litigants.  (*Id.*)

No discovery has yet been conducted at this early stage of the case, and the record is essentially undeveloped with respect to the merits of plaintiffs' claims or defendants' potential defenses.  At a minimum, the present record certainly does not affirmatively show the absence of a meritorious defense.  As such, this factor does not counsel in favor of denying defendants' request to set aside the default.

Prejudice

"To be prejudicial, the setting aside of a judgment [or clerk's entry of default] must result in greater harm than simply delaying resolution of the case."  *Mesle*, 615 F.3d at 1095 (citation omitted).  Here, there is no indication that plaintiffs' ability to pursue its claim will be hindered by the delay in setting aside the Clerk's entry of default.  Additionally, plaintiffs requested a 120-day extension of time, which has also delayed the case.  (ECF No. 15.)  Moreover, the delay involved here is not so long as to militate in favor of denying defendants' motion: defendants filed the present motion to vacate less than three months after default was entered, and plaintiffs have not requested a default judgment.

In sum, taking all of the factors into consideration, the Court finds that defendants Bridges and Airhoster have shown good cause to set aside the Clerk's entry of default.

### III.     MOTION FOR CONTINUANCE

On September 27, 2024, plaintiffs filed a "request for continuance" of 120 days to "file a join[t] status report."  (ECF No. 15.)  Over 120 days have passed since plaintiffs made this request.  Accordingly, the parties are ordered to file a joint status report with 14 days of the date of this order.

### IV.     CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that:

1. Defendants Maria Bridges and Airhoster, LLC's motion to set aside the clerk's entry of default (ECF Nos. 16, 17, 18, 19, 20) is GRANTED; the default entered July 22, 2024 is VACATED;

2. Defendants Bridges and Airhoster shall file an answer within fourteen (14) days of

the date of this order, and

3. The parties shall file their joint status report within fourteen (14) days of the date of this order.

Dated: February 3, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, wind.1564.24

6