UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB WINDING, et al., | No. 2:24-cv-01564-DAD-CKD PS |
| Plaintiffs, | PRETRIAL SCHEDULING ORDER |
| v. | |
| IFFTIKHAR WAHLA, et al., | |
| Defendant. | |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On February 19, 2025 Defendants Ifftikhar Wahla, Maria Bridges, and Airhoster LLC filed the parties' joint status report.[1] (ECF No. 28.)  On the same day, Plaintiffs Jacob Winding and Belinda Smith filed what appears to be the same joint status report. (ECF No. 29.) The Court will consider the filing at ECF No. 28.  After considering the parties' joint status report, the Court

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(c) and Local Rule 302(c)(21).

1

issues the following pretrial scheduling order.[2]

## NATURE OF THE CASE

Plaintiffs filed their complaint on June 3, 2024. (ECF No. 1.) Plaintiffs allege that they leased property from Defendants beginning on January 3, 2023. (Id. at 4.) Plaintiff's prepaid one month's rent initially, and the lease was extended until May 31, 2023 with an option to continue monthly as the landlord continued to accept rent. (Id.) Plaintiffs allege that Defendants knew of defects with the property and failed to disclose these defects. Plaintiffs also allege that Defendants discriminated against them based on their race. Plaintiffs bring the following causes of action: deceit; false promise-fraud; recission; trespass; invasion of privacy; defamation; slander of credit; taking of upfront monthly rental money in bad faith; retaliation; breach of contract; violation of the Fair Employment and Housing Act; and violation of the Fair Housing Act.

## SERVICE OF PROCESS

All named Defendants have been served and have appeared.  No further service is permitted except with leave of Court, good cause having been shown.

## JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

All named Defendants have answered Plaintiff's complaint.  No further joinder of parties or amendments to pleadings are permitted except with leave of Court, good cause having been shown.

The status report indicates that Plaintiffs may file an amended complaint after receiving information through discovery. At this time, Plaintiffs can only amend the complaint with the Court's leave, upon a showing of good cause. If Plaintiffs seek to file an amended complaint, Plaintiffs shall promptly notice and file a motion to amend under Rule 15 of the Federal Rules of Civil Procedure.[3] Such a motion must include a proposed amended complaint. See Local Rule

---

[2] The Court has made some modifications to the parties' proposed scheduling deadlines based on the Court's own availability and case management needs.

[3] When evaluating a motion to amend under Rule 15, a court considers: (1) whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party; (2) whether there have been repeated failures to cure deficiencies by previous amendments; (3) whether there has been undue prejudice to the opposing party "by virtue of the allowance of the amendment"; and (4) whether amendment would be futile. Sharkey v. O'Neal, 778 F.3d 767, 774 (9th Cir. 2015)

1  137(c).

## JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

## INITIAL DISCLOSURES

Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be made within **30 days of this order**.

## DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

All non-expert discovery shall be completed[4] by **April 10, 2026.** Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules, including Local Rule 251. Judge Delaney generally hears civil motions on Wednesdays at 10:00 a.m.

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of any discovery motion.

The Court strongly encourages the use of informal telephonic discovery conferences with the Court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Delaney's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the Court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5055/.

---

(quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

[4] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

3

Additionally, subject to the Court's availability, the Court will also rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down. In the course of the deposition, the parties may contact Judge Delaney's courtroom deputy clerk at (916) 930-4004 to inquire regarding Judge Delaney's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the Court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

### EXPERT DISCLOSURES AND DISCOVERY

The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **June 9, 2026**. Any rebuttal expert disclosures shall be made in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **July 9, 2026**. Expert disclosures shall be filed with the Court and served upon all other parties. All expert discovery shall be completed (see fn. 3) by **August 10, 2026**. The same procedures for fact–discovery disputes apply to expert–discovery disputes.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition. Failure to provide the information required by Federal Rule of Civil Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

### LAW AND MOTION

All law and motion, except as to discovery-related matters, shall be completed (i.e. heard) by **December 10, 2026**. Counsel and/or parties proceeding without counsel are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the Court's regularly scheduled law and motion calendar, including, but not limited to, Local Rule 230. Judge Delaney generally hears civil motions on Wednesdays at 10:00 a.m. This paragraph does not preclude motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the Court may set a special briefing schedule, if necessary or

appropriate.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial motion. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above. Conversely, motions in limine are procedural devices designed to address the admissibility of evidence. THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

FINAL PRETRIAL CONFERENCE/TRIAL SETTING

All parties request a jury trial. The final pretrial conference and jury trial will take place before the assigned district judge, the Hon. Dale A. Drozd. The undersigned declines to set final pretrial conference and trial dates at this juncture. Instead, the Court orders the parties to submit a Notice of Trial Readiness on one of the following timelines:

A. After resolution of any pending dispositive motions, the parties are to submit the Notice not later than thirty (30) days after receiving the district court's ruling(s) on the last filed dispositive motion(s); or

B. If the parties do not intend to file dispositive motions, the parties are ordered to file the Notice not later than one hundred twenty (120) days after the close of discovery and the notice must include statements of intent to forgo the filing of dispositive motions.

In the Notice of Trial Readiness, the parties are to set forth the appropriateness of special procedures, their estimated trial length, any request for a jury, their availability for trial, and if the parties are willing to attend a settlement conference. The Notice shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments. The parties' estimate shall include time necessary for jury selection, time necessary to

finalize jury instructions and instruct the jury. After review of the parties' Joint Notice of Trial Readiness, the court will issue an order that sets forth dates for a final pretrial conference and trial.

### OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

### SETTLEMENT CONFERENCE

The parties agree to participate in a settlement conference. Therefore, this matter is REFERRED to Magistrate Judge Dennis M. Cota for settlement conference proceedings. The parties shall contact Judge Cota's Courtroom Deputy, Jodi Palmer, via e-mail, at jpalmer@caed.uscourts.gov, within 30 (thirty) days to obtain available dates for a settlement conference.

### MODIFICATION OF THIS SCHEDULING ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Dated: April 11, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, wind.1564.24